**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KATHLINE L. ELSNER**,

    Plaintiff,

vs.                                                                                **Case No. 8:05-CV-1362-T-EAJ**

**JO ANNE B. BARNHART**,
Commissioner of Social Security

    Defendant.
_____/

**ORDER**

Before the court is Plaintiff's **Uncontested Motion for Attorney's Fees and Costs** (Dkt. 14), filed May 1, 2006. Plaintiff requests an award of attorney's fees in the amount of $4,445.98 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1992). The amount of attorneys' fees Plaintiff requests represents 30.80 hours of work by attorney Marjorie A. Schmoyer, Esq. at a rate of $144.35 per hour. (Dkt. 14 at 2). Defendant does not oppose Plaintiff's hourly rate or number of hours requested. Id. As will be discussed infra, Plaintiff has satisfied all jurisdictional requirements for this court to grant the instant motion for attorneys' fees.

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A). This court's order remanding this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) (Dkt. 12) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993). In this case, the government's position was not substantially justified.

The EAJA requires a party seeking an award of fees to submit an application for such fees to the court "within thirty days of final judgment in the action." § 2412(d)(1)(B). The EAJA defines "final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G). Thus, in sentence four cases, the period for requesting an award of fees begins after the final judgment is entered by the court and the appeal period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298 (thirty-day period for filing EAJA application for attorney's fees begins after the court enters final judgment and the appeal period has run); see also Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) (same); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 n.3 (S.D. Fla. 1992). In this case, the parties have 60 days after judgment is entered to appeal. Fed. R. App. P. 4(a)(1)(B) (when the United States is a party, notice of appeal may be filed within 60 days after judgment is entered). Thus the 30-day period for filing an application for attorneys' fees under the EAJA begins once the 60-day appeal period has expired.

Judgment for Plaintiff was entered on March 1, 2006 (Dkt. 13), and Plaintiff's motion for attorney's fees was filed on May 1, 2006 (Dkt. 14). At that time, the sixty-day appeals period had run, the court's remand order was the final judgment and no longer appealable, and Plaintiff's motion for fees fell within the 30-day period for filing an EAJA application. Accordingly, this court has jurisdiction to award the requested fees.

Moreover, as the hourly rate and number of hours are not in dispute, the court finds it unnecessary to determine whether the application, if contested, otherwise complies with the EAJA. This court will therefore grant Plaintiff's request for attorneys' fees.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

1. Plaintiff's **Uncontested Motion for Attorney's Fees and Costs** (Dkt. 14) is

**GRANTED;** and

2. Plaintiff's counsel, Marjorie A. Schmoyer, shall be awarded $4,445.98 in attorney's fees and $275.00 in costs.

**DONE** and **ORDERED** in Tampa, Florida this 4th day of May, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

3